UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 1:10-cv-1106-TWP-DML ) |
| CHARLES WESLEY BAKER, | ) ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

This action for declaratory judgment and injunctive relief is brought by the United States of America ("United States") against Charles Wesley Baker ("Mr. Baker") on a claim that Mr. Baker filed an unauthorized and fraudulent Uniform Commercial Code ("UCC") financing statement against a government official. For the reasons explained in this Entry, the United States' motion for summary judgment (Dkt. No. 23) must be **granted.**

**Standard**

This Court has jurisdiction of the United States' claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1345. The claim itself is to vindicate the United States' interest in its sovereign immunity and "to ensure that its officers and employees perform their official duties free from harassment, intimidation and retaliation by individuals . . . who threaten their property and financial security by filing baseless liens and/or UCC financing statements." The United States now seeks the entry of summary judgment.

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

**Discussion**

Mr. Baker has not opposed the motion for summary judgment with any evidentiary material, with a statement of material facts in dispute as required by Local Rule 56.1(b), or with any argument disputing the factual presentation made by the United States. As he was twice advised it would be, the consequence of this inaction is that Mr. Baker has conceded the plaintiff's version of the facts to the extent they are supported by admissible evidence. *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").

The facts pertinent to the United States' motion for summary judgment are the following: Judge James T. Moody is a District Judge for the Northern District of Indiana and was so at all times pertinent to the claims and events in this case. Judge Moody was assigned to *United States v. Charles Baker*, case No. 3:82-CR-0017, a case in which Mr. Baker was found guilty of mail fraud after a trial by jury. Judge Moody sentenced Mr. Baker for this offense. On November 28, 2007, while Mr. Baker was serving the executed portion of that sentence, he filed UCC-1 financing statement number 200700011082455 with the

Indiana Secretary of State, purporting to perfect a security interest in collateral of Judge Moody. Mr. Baker subsequently caused to be served, through certified U.S. mail, documents purporting to notify Judge Moody that he was a debtor against whom a judgment of $10,000,000,010.00 (ten billion and ten dollars) had been filed in Indiana. Mr. Baker amended the financing statement on January 2, 2008, and again on October 20, 2008. The UCC Filings claim the existence of a judgment against Judge Moody and purport to perfect a security interest in his assets. The UCC Filings assert that Judge Moody has "consented and agreed that [Mr. Baker] may take possession of all chattel real and personal, former property and interest i.e., collateral." The United States' has presented un-refuted evidence that the documents Mr. Baker has generated and presented as UCC filings are actually shams, bogus and contrived. There was no debt owed by Judge Moody, there is no security agreement and there is no judgment against Judge Moody in favor of Mr. Baker.

The United States seeks to invalidate the facially fraudulent filings and permanently bar Mr. Baker from engaging in such vexatious conduct in the future. Because the purported UCC filings are not genuine, they are invalid. Moreover, because those documents have been presented against Judge Moody in both his individual and his official capacities, the interests of the United States are implicated. This is because an official-capacity claim is in all respects other than name against the agency or entity by which the employee is employed. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). The United States' interests are also implicated because conduct such as that engaged in by Mr. Baker in presenting the contrived UCC Filings to the Indiana Secretary of State threatens to hinder the performance of government functions. Under the circumstances presented here,

both Judge Moody and the United States are entitled to immunity from any asserted "debt" or other liability because of Mr. Baker having been prosecuted and convicted in case No. 3:82-CR-0017.

The United States is therefore entitled to the entry of judgment declaring Mr. Baker's UCC Filings described herein to be null, void and of no legal effect. *See United States v. MacElvain,* 858 F. Supp. 1096, 1100 (M.D.Ala.1994) ("This Court condemns such self-help. It is not authorized by law. There is no legal basis for filing these common law liens, complaints, and commercial notes. Every court to consider the validity of these documents have found them to be without basis."). Mr. Baker's proclivity to file and amend such documents justifies the injunction prohibiting such conduct which is sought by the United States.

The United States' motion for summary judgment (Dkt. No. 23) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/06/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Charles Wesley Baker
1918 West Lincolnway
South Bend, IN 46628