# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
          vs.                    )        1:10-cv-1106-TWP-DML
                                 )
CHARLES WESLEY BAKER,            )
                                 )
                    Defendant.   )


### Entry Discussing Objection to Decision

For the reasons explained in this Entry, the defendant's objection to magistrate's report and reconsideration (Dkt. No. 30) is treated as a motion to alter or amend judgment, and as so treated is **denied.**

### Discussion

In an action filed after December 1, 2009, the *Federal Rules of Civil Procedure* permit a Rule 59(e) motion to be filed within 28 days after the entry of judgment. Whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

This action was filed after December 1, 2009. It was resolved through the granting of the United States' motion for summary judgment and the entry of an appropriate judgment.

The defendant has filed an *objection to magistrate's report and reconsideration.* In that motion the defendant seeks relief from the judgment entered against him. Given the timing of the defendant's objection relative to the entry of final judgment, and given the arguments set forth in such filing, the objection is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*.

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion–newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). There was in this case no manifest error of law or fact, and the defendant does not submit newly-discovered evidence or suggest that there has been a change in the law. The court did not misapprehend the United States' claim, nor did it misapply the law to that claim in light of the evidentiary record. Accordingly, the post-judgment objection to the disposition of the action is **denied**.

**IT IS SO ORDERED.**

Date: 04/26/2011

_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Charles Wesley Baker
1918 West Lincolnway
South Bend, IN 46628